**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VICTOR C. FOURSTAR, JR., Plaintiff, | ) | |
| v. | ) | Civil Action No. 26-3152 (UNA) |
| JAMIE McKEE, *et al.*, Defendants. | ) | |

**MEMORANDUM OPINION**

Victor C. Fourstar, Jr. and dozens of others detained at the Missoula County Detention Facility in Missoula, Montana, purport to bring a class action and ask that Mr. Fourstar represent the class. Generally, plaintiff alleges he was wrongfully convicted and forced to register as a sex offender. Because only Mr. Fourstar submitted an application to proceed *in forma pauperis* and prison trust fund account statement, the Court proceeds as if he is the sole plaintiff.

Under the Prison Litigation Reform Act ("PLRA"), unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). Mr. Fourstar has accumulated at least three "strikes." *See Fourstar v. Biden*, No. 21-1292, 2021 WL 5811237, at *1 (10th Cir. Dec. 7, 2021) (affirming district court's dismissal of complaint, finding appeal frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and assessing a third strike under 28 U.S.C. § 1915(g)); *Fourstar v. Clark*, No. 19-35029, 2019 WL 7578317, at *1 (9th Cir. Sept. 20, 2019) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); *Fourstar v. Riden*, No. 18-cv-0111-GF-SPW, 2018 WL 6421736, at *3 (D. Mont. Dec. 6, 2018)

(dismissing complaint with prejudice for failure to state a claim on which relief may be granted); *Fourstar v. Murlak*, No. 07-cv-5892, 2010 WL 2163993 (C.D. Cal. May 26, 2010) (dismissing action with prejudice for frivolousness and for failure to state a claim and assessing one "strike"), *aff'd*, No. 10-56006 (9th Cir. Sept. 14, 2010); *see also Fourstar v. Eckroth*, 512 F. App'x 127 (3d Cir.) (per curiam) (affirming denial of motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and dismissal of civil rights complaint), *cert. denied*, 134 S. Ct. 263 (2013).

That said, the Court grants Mr. Fourstar *in forma pauperis* status, at least for the initial review of the complaint, because it is not clear that Mr. Fourstar is a prisoner to whom the PLRA applies. For purposes of the PLRA, the term "prisoner" means a "person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 29 U.S.C. § 1915(h). Mr. Fourstar may be civilly committed, *see* Compl. at 4; *Fourstar v. Cantrell*, No. 24-cv-01296 (UNA), 2024 WL 2746757, at *1 (D.D.C. May 24, 2024) (accepting Fourstar's representation that he is civilly committed after having served his sentence), and if so, he need not comply with the PLRA's filing fee requirements, *see Vandivere v. Lynch*, No. 16-cv-1594, 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (persons civilly committed "are not prisoners to whom the PLRA's filing fee requirements apply") (citing cases).

Despite Mr. Fourstar's *in forma pauperis* status, dismissal of the complaint without prejudice is warranted for two reasons. First, venue in this district is improper. As best the Court can tell, most defendants are in Montana, and most of Mr. Fourstar's claims pertain to his State convictions, placement on the Montana Sexual or Violent Offender Registration, and the conditions of his confinement. That he names assorted federal officials as defendants does not

render the District of Columbia the proper forum for adjudication of his claims. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). "Simply put, naming a federal official as a defendant does not automatically necessitate venue in this district, particularly when a claim should be 'properly pursued elsewhere.'" *Fourstar v. Cantrell*, 2024 WL 2746757, at *2 (citing *Cameron*, 983 F.2d at 256). And if this matter were to proceed, Mr. Fourstar may not represent the interests of a class. *See* 28 U.S.C. § 1654; *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (denying class certification and appointment of the plaintiff as class representative where the plaintiff was "an incarcerated pro se litigant without legal training who is . . . not able adequately to represent the proposed class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[It] it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

An Order is issued separately.

DATE: October 26, 2026

2026.10.26
18:16:11 -04'00'

TREVOR N. McFADDEN
United States District Judge